A97A1453. HOWARD v. STATE OF GEORGIA.
(487 SE2d 112)

ELDRIDGE, Judge.

Barbara Howard, as next friend to her minor daughter, appellant Jamy Howard, appeals a Hall County Superior Court's order dismissing her personal injury claim against appellee "State of Georgia d/b/a Lake Lanier Island" based upon appellant's failure to comply with the ante litem notice provision contained in our Georgia State Tort Claims Act, OCGA § 50-21-20 et seq. Herein, we affirm the trial court's dismissal based upon a deficiency in the service of the ante litem notice, but find that such dismissal is without prejudice and that, under the facts of the case sub judice, the time limitation imposed within the ante litem notice provision does not bar the minor plaintiff from refiling her personal injury claim provided that proper ante litem notice has been given prior to refiling. *Held*:

1. In the State Tort Claims Act of 1992, our legislature attempted to strike a public policy balance between: (1) the "inherently unfair and inequitable results" which occur in the strict application of the doctrine of sovereign immunity, and (2) the necessity to allow the State government "flexibility" in order to provide and perform a broad range of public services with limited exposure to monetary liability, which would deplete the State's coffers. Ga. L. 1992, pp. 1883, 1884; OCGA § 50-21-21 (a). To this end, the General Assembly specifically provided that the tort liability of this State shall only be "within the limitations of this article [OCGA § 50-21-20 et seq.] and in accordance with the fair and uniform principles established in this article." OCGA § 50-21-21 (a); Ga. L. 1992, p. 1884. Thus, the State Tort Claims Act, by its own terms, must be strictly construed.

Under the Act, and as a condition precedent to any tort action being filed against the State, OCGA § 50-21-26 (a) (2) provides for notice ante litem motam, i.e., notice before suit is brought. The statute requires that such notice "shall be given in writing and shall be mailed by certified mail, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services. In addition, a copy shall be delivered personally to or mailed by first-class mail to the

state government entity, the act or omissions of which are asserted as the basis of the claim." OCGA § 50-21-26 (a) (2). Failure to comply with this ante litem notice provision prevents any court from obtaining jurisdiction over the subject matter of the action. OCGA § 50-21-26 (a) (3).

By way of comparison, an ante litem notice provision also exists with regard to an attempt to assign tort liability to local governments and municipalities; however, this provision provides that such notice be served upon "the governing authority." OCGA § 36-33-5. The lack of specificity therein has furnished this Court with a basis for finding "substantial compliance" when the written ante litem notice is "received by the municipality or one of its departments or officials," (citations and punctuation omitted) and has thus served its purpose of putting "the city on notice of the grievance." *Burton v. DeKalb County*, 202 Ga. App. 676, 677 (415 SE2d 647) (1992); *Tanner v. City of Gainesville*, 162 Ga. App. 405, 407 (2) (290 SE2d 541) (1982).

In contrast, the State Tort Claims Act cannot be considered unclear or at all open-ended about the service aspect of its ante litem notice provision. In fact, it cannot get any more specific: ante litem notice must be served upon the Risk Management Division of the Department of Administrative Services *and* whichever state governmental entity the plaintiff holds as liable for the alleged injury.[1]

With these legal principles in mind, we turn to the case sub judice.

A review of the record shows that appellant sent the required ante litem notice to David Milner, an agent with the insurance company for Lake Lanier Islands, Mark Adjustment Services. A copy of the notice was also sent to the State Attorney General's Office. Such notice is obviously deficient under the statute as notice to an insurer or the Attorney General is not notice to the state agencies specified in the statute. See, e.g., *City of LaGrange v. USAA Ins. Co.*, 211 Ga. App. 19, 21 (438 SE2d 137) (1993). Thus, appellant's complaint was properly subject to dismissal[2] pursuant to OCGA § 9-11-12 (b) (1), since

---

[1] See, e.g., *Regency Nissan v. Taylor*, 194 Ga. App. 645, 648 (3) (391 SE2d 467) (1990): "When a statute is found to be plain and susceptible of but one natural and reasonable construction, an appellate court has no authority to place a different construction upon it, but must construe it according to its terms. . . . [J]udicial construction is both unnecessary and unauthorized, and the legislature's clear intent . . . will not be thwarted by invocation of the rule of 'substantial compliance.' "

[2] Contrary to appellant's assertions, there is no evidence before this Court that the trial court considered matters outside the record in determining the motion to dismiss. Nor has appellant been able to provide us with any specific evidence considered by the trial court outside the record. Thus, the motion to dismiss was proper without a hearing thereon. OCGA § 9-11-12 (c). Further, " '[t]here has been no assertion that any briefs, affidavits, or other supporting documentation would have been filed . . . prior to the day of (the) hearing. Thus, even though [appellant asserts] harm as a result of the substantive ruling on [appel-

the trial court did not have subject matter jurisdiction over the action. OCGA § 50-21-26 (a) (3).

In so holding, we are not unmindful of the fact that the record before us contains references to conversations between appellant's counsel and insurance agent David Milner, which include some unsettling evidence that Milner intimated the requisite notice *should* be sent to him at Mark Adjustment Services, since he was "handling this matter on behalf of the Department of Administrative Services." Nonetheless, we find that the clearly stated directives in the statutory notice provision of OCGA § 50-21-26 (a) (2) cannot give way before this evidence. The explicit ante litem notice provision of the State Tort Claims Act is ignored only at peril to a plaintiff's cause of action. The specificity of the statute and the expressed public policy rationale therefor demand such a result.[3]

2. Under the facts of this case, appellant's cause of action may be refiled, as such is not barred by the time restriction contained in the ante litem notice provision.

The statute requires that ante litem notice "shall be given in writing within 12 months of the date the loss was discovered or should have been discovered." OCGA § 50-21-26 (a) (1). A review of the legislative headnote with regard to this portion of the Code section demonstrates the intent of the General Assembly was "to provide for ante litem notice of claim; to provide procedures and time limits for processing such ante litem notice and claims; [and] to provide a statute of limitations."[4] Further, it is well established that failure to comply with an ante litem notification provision within the

---

lee's] motion, [she has] offered nothing to suggest that that ruling would have been any different if a hearing had been held.' (Citations and punctuation omitted.) [Cit.] [Plaintiff] having shown no harm in being denied a hearing on the motion, no reversal is required. *Premium Dist. Co. v. Nat. Dist. Co.*, 157 Ga. App. 666, 670 (2) (278 SE2d 468) (1981)." *Christensen v. State*, 219 Ga. App. 10, 12 (4) (464 SE2d 14) (1995).

[3] As the ante litem notice was deficient, the filing of the complaint was a void act since subject matter jurisdiction was lacking in the Superior Court of Hall County. OCGA § 50-21-26 (a) (3); see OCGA § 9-11-12 (b) (1). However, we note that appellant's service of process was also deficient. The provision for service of process under OCGA § 50-21-35 is as specific as that of the ante litem notice requirements. Service must be made upon: (1) the governmental entity allegedly responsible for plaintiff's injury; (2) the director of the Risk Management Division of the Department of Administrative Services; and (3) the State Attorney General. Appellant failed to include service of process upon the Attorney General and upon the Lake Lanier Islands Development Authority, OCGA §§ 12-3-311; 50-21-35.

[4] Clearly, such ante litem notice provision does *not* constitute a statute of repose or abrogation. Compare OCGA §§ 51-1-11 (b) (2); 9-3-71 (b), (c); 9-3-51 (b); see also *Wright v. Robinson*, 262 Ga. 844 (426 SE2d 870) (1993) (a statute of limitation governs the time within which legal proceedings must be commenced after the cause of action is discovered, while a statute of repose or abrogation limits the time within which an action may be brought after the event which is the alleged cause of the proceedings and is not related to the discovery of any cause of action; under a statute of repose, the injury need not have occurred, much less been discovered).

time required thereby is a bar to any right of action. See, e.g., *Mattox v. Bailey*, 221 Ga. App. 546 (472 SE2d 130) (1996); *Langton v. Dept. of Corrections*, 220 Ga. App. 445, 446 (469 SE2d 509) (1996); see also *USAA Ins. Co.*, supra at 21; *City of Atlanta v. Barrett*, 102 Ga. App. 469, 471 (116 SE2d 654) (1960).

In fact, an ante litem time requirement has been held to be, in itself, a form of statute of limitation, with all the general principles applicable to statutes of limitation also applying to ante litem time restrictions, including tolling provisions: "A statute of limitation is any law which fixes the time within which parties must take judicial action to enforce rights or else be thereafter barred from enforcing them. *Prudential Insurance Co. v. Sailors*, 69 Ga. App. 628 (4) (26 S.E.2d 557) [(1943)]. While the giving of [such] notice is a condition precedent to the bringing of an action, the giving of [the] notice is at once part and parcel of the enforcement of the right and it is an inseparable part of the bringing of the action. It is a part of the procedure for enforcing the right. . . . We, therefore, conclude that the requirement that the notice be given within [12] months from the date of the injuries or else that the action therefor be forever barred is itself a statute of limitation and subject to the general law of this State with respect to the tolling of statutes of limitation." *Barrett*, supra at 471-472.

In the case sub judice, appellant is a minor. Such status tolls the time limitation of an ante litem notice requirement until appellant reaches her majority.[5] OCGA § 9-3-90 (a); *Price v. Dept. of Transp.*, 214 Ga. App. 85, 87-88 (446 SE2d 749) (1994); *Barrett*, supra. Further, this Court has held that statutes of limitation will not run against a minor represented in litigation by a next friend. *Price v. Dept. of Transp.*, supra at 87-88;[6] *Ethridge v. Price*, 194 Ga. App. 82, 85 (389 SE2d 784) (1989) (Sognier, J., concurring specially); *Barnum v. Martin*, 135 Ga. App. 712, 715 (219 SE2d 341) (1975); *Jones v. Hartford Accident &c. Co.*, 132 Ga. App. 130 (207 SE2d 613) (1974); *Whalen v. Certain-Teed Products Corp.*, 108 Ga. App. 686, 687 (134 SE2d 528) (1963). Thus, appellant's cause of action, brought by her mother as next friend, is not barred by virtue of the ante litem notice

---

[5] "Minors and persons who are legally incompetent because of mental retardation or mental illness, who are such when the cause of action accrues, shall be entitled to the same time after their disability is removed to bring an action as is prescribed for other persons." OCGA § 9-3-90 (a).

[6] *Price v. Dept. of Transp.*, supra, includes a discussion on the inconsistent application of the tolling provisions of OCGA § 9-3-90 when applied to a minor represented by a next friend, and when applied to those deemed mentally incompetent who are represented by a next friend; this Court recognized that the difference in the application of the tolling provisions for represented minors and legal incompetents "was rational, since while a person's status as a minor terminated at a certain time, with legal incompetency the condition might remain a lifetime." Id. at 87-88.

time limitation contained in OCGA § 50-21-26 (a) (2).

*Judgment affirmed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 22, 1997.

 Before Judge Story.

*Dozier, Lee, Graham & Sikes, Neal B. Graham,* for appellant.

*Michael J. Bowers, Attorney General, Hulsey, Oliver & Mahar, Samuel L. Oliver, Abbot S. Hayes, Jr.,* for appellee.