A97A1000. McGEE v. STATE OF GEORGIA et al.
(487 SE2d 671)

JOHNSON, Judge.

Paula McGee brought suit pursuant to the Georgia Tort Claims Act (OCGA § 50-21-20 et seq.) against the State of Georgia and one of its employees, William Avant, seeking to recover damages for injuries she allegedly sustained in an automobile accident. The trial court granted the State's motion for summary judgment on the grounds that McGee had failed to comply with ante litem notice requirements and that Avant, acting within the scope of his employment at the time of the accident, was not a proper party to the action. McGee appeals.

1. McGee asserts that strict compliance with the ante litem notice provision of the Georgia Tort Claims Act, OCGA § 50-21-26, violates her due process and equal protection rights. McGee originally filed this appeal in the Supreme Court of Georgia which transferred the case to this Court because the trial court did not rule on any constitutional issue. Likewise, while this Court has jurisdiction in this case generally, we cannot consider an issue which was not addressed below. See *Brooks v. Barry*, 223 Ga. App. 648, 649-650 (4) (478 SE2d 616) (1996).

Even interpreting this enumeration of error broadly, as a challenge to the trial court's strict application of the ante litem requirements of the Georgia Tort Claims Act, McGee's argument still must

fail. As a condition precedent to any tort action filed against the State, OCGA § 50-21-26 (a) (1) and (2) provide that ante litem notice be made as follows: "Notice of a claim shall be given in writing within 12 months of the date the loss was discovered or should have been discovered. . . . Notice of a claim shall be given in writing and shall be mailed by certified mail, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services. In addition, a copy shall be delivered personally to or mailed by first-class mail to the state government entity, the act or omissions of which are asserted as the basis of the claim." The collision giving rise to this suit occurred on September 27, 1993. McGee was contacted by an insurance adjuster retained by the State's liability insurance carrier, American Southern Insurance Company, and a settlement offer was made. This offer remained open until February 1, 1995, when it was withdrawn. McGee filed suit in September 1995. In support of its motion for summary judgment, the State provided the affidavits of James Newsom, Director of the Risk Management Division of the Georgia Department of Administrative Services, and Bill Atkins, Director of the Georgia Drugs & Narcotics Agency, which stated that as of October 13, 1995, neither agency had received ante litem notices in connection with this matter. These affidavits establish that notice was not given within 12 months of the accident to the parties specified in the statute.

McGee argues that even if the State was not served with ante litem notices, it clearly had notice of the claim because of the actions of the insurance adjuster acting on its behalf. She argues that this represents substantial compliance with the statute and should be adequate as a matter of law. Whether substantial compliance with the ante litem provisions of the Georgia Tort Claims Act is sufficient is not, as asserted by McGee, an issue of first impression. The trial court correctly relied on *Hardy v. Candler County*, 214 Ga. App. 627 (448 SE2d 487) (1994), in which this Court affirmed the grant of summary judgment to the co-defendant State holding that "pursuant to OCGA § 50-21-26 (a) written notice of the claim *must* be received by the State within the requisite statutory period so that the State can take appropriate action on the claim." (Emphasis supplied.) Id. at 631. And recently, this Court contrasted ante litem notice requirements pursuant to the Georgia Tort Claims Act with the "substantial compliance" standard applicable to notice given prior to the initiation of suit against local governments or municipalities. *Howard v. State*, 226 Ga. App. 543 (487 SE2d 112) (1997). In holding that substantial compliance is inadequate under the Georgia Tort Claims Act, *Howard* notes that "the State Tort Claims Act cannot be considered unclear or at all open-ended about the service aspect of its ante litem

notice provision. In fact, it cannot get any more specific: ante litem notice must be served upon the Risk Management Division of the Department of Administrative Services *and* whichever state governmental entity the plaintiff holds as liable for the alleged injury." (Footnote omitted, emphasis in original.) Id. at 544. Therefore, McGee's reliance on *City of LaGrange v. USAA Ins. Co.*, 211 Ga. App. 19 (438 SE2d 137) (1993) for the proposition that substantial compliance with the ante litem notice requirement is sufficient is misplaced. The jurisdictional prerequisite of OCGA § 50-21-26 was simply not met, and the trial court properly granted summary judgment to the State.

2. McGee also argues the trial court erred in finding, as a matter of law, that Avant was acting within the scope of his employment at the time of the accident and dismissing him from the suit. OCGA § 50-21-25 (a) provides that the Georgia Tort Claims Act is the exclusive remedy for any tort committed by a State officer or employee who commits a tort while acting within the scope of his official duties. OCGA § 50-21-25 (b) provides that the only proper party defendant in a suit brought under the Georgia Tort Claims Act is the State government entity for which the State officer or employee was acting at the time of the subject tort.

In response to requests to admit, both the State and Avant admitted that Avant was an employee of the State and was driving a State-owned vehicle with the State's permission at the time of the collision. In response to interrogatories, Avant stated that he was on his way to the post office to get reports from the State and the Royston Police Department in connection with his job duties at the time of the accident. Having established that he was acting within the scope of his employment, the burden shifted to McGee to come forward with specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e). McGee has come forward with no evidence that Avant was acting outside the scope of his employment at the time of the accident. In her brief, McGee speculates that Avant's logbook, which has not been produced, may contain some evidence regarding whether Avant was "on-duty" at the time of the accident and suggested at oral argument that Avant may have also been retrieving personal mail at the post office. Such speculation, unsupported by the record, has no probative value against positive and uncontradicted evidence that no such fact exists. See *Lea v. American Home Equities*, 210 Ga. App. 214 (1) (435 SE2d 734) (1993). The trial court did not err in granting summary judgment in favor of Avant individually and dismissing him from the action.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED JUNE 16, 1997 —
RECONSIDERATION DISMISSED JULY 2, 1997 —

*Elizabeth G. Marlowe*, for appellant.

*Thurbert E. Baker, Attorney General, Blasingame, Burch, Garrard, Bryant & Ashley, E. Davison Burch*, for appellees.