A98A1921. WILLIAMS v. DEPARTMENT OF HUMAN
RESOURCES et al.
(507 SE2d 230)

BLACKBURN, Judge.

Following the death of his wife, Sheila F. Williams, from metastatic breast cancer, Paul K. Williams brought suit against the Lumpkin County Health Department and the Georgia Department of Human Resources (DHR) for, among other things, Sheila's wrongful death, contending that a nurse employed by the State committed medical malpractice by failing to properly treat Sheila's condition. The trial court dismissed Paul's wrongful death claim, finding that he had failed to give the State appropriate ante litem notice pursuant to OCGA § 50-21-26, and Paul appeals this ruling. As Paul failed to strictly comply with ante litem notice requirements of OCGA § 50-21-26, we must affirm.

Paul alleges that, between the period of March 10, 1994 and August 8, 1994, Sheila visited Nurse Annette Harkins at the Lumpkin County Health Department and asked her about a growing

lump in her breast.[1] Paul further alleges that Harkins committed medical malpractice by failing to appropriately investigate Sheila's complaints and failing to properly treat her condition by performing tests or referring her to a physician. On November 17, 1994, Sheila was diagnosed as having breast cancer, and, as a result of this cancer's metastasis, Sheila died on January 28, 1996.

OCGA § 50-21-26 provides that tort claims brought against the State must be preceded by notice of such claims in writing within 12 months of the date the loss was discovered or should have been discovered. OCGA § 50-21-26 (a) (1). This notice must be properly delivered to both the Risk Management Division of the Department of Administrative Services (Risk Management) and the State agency alleged to be responsible for the tort. OCGA § 50-21-26 (a) (2). The notice of claim must include: "(A) The name of the state government entity, the acts or omissions of which are asserted as the basis of the claim; (B) The time of the transaction or occurrence out of which the loss arose; (C) The place of the transaction or occurrence; (D) *The nature of the loss suffered*; (E) The amount of the loss claimed; and (F) The acts or omissions which caused the loss." (Emphasis supplied.) OCGA § 50-21-26 (a) (5).

Prior to Sheila's death, Paul mailed a letter meant to serve as ante litem notice to Risk Management and the DHR. This letter was dated November 7, 1995 and stamped "received" by Risk Management on November 13, 1995. This letter stated: "The nature of the loss claimed by Sheila F. Williams is pain, disfigurement, and greatly reduced life expectancy, with a concomitant loss of both the intangible and tangible benefits of life itself, resulting from the denial to her of the benefits of early detection and treatment of breast cancer, including what would have been an increased likelihood of total recovery, a likelihood of longer term survival, and a likelihood of reduced treatment, and suffering. *The nature of the loss claimed by Paul K. Williams is loss of consortium*." (Emphasis supplied.)

On August 22, 1997, the State filed a motion to dismiss Paul's wrongful death claim, contending that the ante litem letter was insufficient to put it on notice of this cause of action. On November 12, 1997, the trial court granted the State's motion and dismissed Paul's claim, finding: (1) that Paul's ante litem letter properly put the State on notice of claims for Sheila's pain and suffering prior to her death; (2) that Paul's ante litem letter properly put the State on notice of his loss of consortium claim; (3) that Paul's ante litem letter failed to put the State on notice of his wrongful death claim; and (4)

---

[1] Apparently, Harkins was not employed by the State until August 1, 1994. Appellant discovered this fact after filing his original complaint, which he amended on August 25, 1997 to name Harkins individually as a party.

that a claim for wrongful death was premature at the time of the letter because Sheila had not yet died. On appeal of this ruling, Paul contends that the ante litem notice delivered by him was adequate to put the State on notice of a future wrongful death claim brought by him, despite the facts that the notice did not mention a claim for "wrongful death" and Sheila had not yet died.

This Court has previously held that the Georgia Tort Claims Act will be strictly construed. *McGee v. State of Ga.*, 227 Ga. App. 107, 108-109 (1) (487 SE2d 671) (1997) (notice of claims to State's insurance adjuster inadequate); *Howard v. State of Ga.*, 226 Ga. App. 543-545 (1) (487 SE2d 112) (1997) (notice to State's insurance company and Attorney General inadequate). "In the State Tort Claims Act of 1992, our legislature attempted to strike a public policy balance between: (1) the 'inherently unfair and inequitable results' which occur in the strict application of the doctrine of sovereign immunity, and (2) the necessity to allow the State government 'flexibility' in order to provide and perform a broad range of public services with limited exposure to monetary liability, which would deplete the State's coffers. Ga. L. 1992, pp. 1883, 1884; OCGA § 50-21-21 (a). To this end, the General Assembly specifically provided that the tort liability of this State shall only be 'within the limitations of this article (OCGA § 50-21-20 et seq.) and in accordance with the fair and uniform principles established in this article.' OCGA § 50-21-21 (a); Ga. L. 1992, p. 1884. Thus, the State Tort Claims Act, by its own terms, must be strictly construed." *Howard*, supra at 543 (1).

Paul argues that his claim for wrongful death should not be barred since the ante litem letter asserted that the nature of the losses Sheila was claiming included losses for "greatly reduced life expectancy, with a concomitant loss of both the intangible and tangible benefits of life itself." Pretermitting the fact that a wrongful death claim was premature prior to Sheila's death, such a claim could not be brought by Sheila, only Paul or her survivors. OCGA § 51-4-2. See also *Miles v. Ashland Chem. Co.*, 261 Ga. 726, 727-728 (410 SE2d 290) (1991) (action for wrongful death accrues to heirs at time of death). The ante litem notice succinctly stated, however, "[t]he nature of the loss claimed by Paul K. Williams is loss of consortium." No mention of any other claim to be brought by Paul was made. We cannot find that the State was put on notice of a future wrongful death claim brought by Paul when the ante litem notice listed Paul's only claim as a loss of consortium and Sheila was still living at the time. To do so would both strain logic and upset the public policy balance built into the statute by the legislature.

The appellant incorrectly states both that there are no cases construing the Georgia Tort Claims Act's ante litem notice requirement and that this Court should review cases applying the ante litem

notice requirements of OCGA § 36-33-5, applicable to local governments. In *Howard*, supra at 544 (1), one of a number of cases discussing the provisions of OCGA § 50-21-26, we contrasted the requirements of OCGA §§ 36-33-5 and 50-21-26, finding that substantial compliance might be adequate with the former Code section but not the latter. As such, we find appellant's arguments with respect to OCGA § 36-33-5 to be misplaced.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 22, 1998 —
RECONSIDERATION DENIED OCTOBER 6, 1998 — 

*Toliver & Gainer, Alvin L. Toliver, Joseph H. King, Jr.*, for appellant.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General, Kimberly L. Schwartz, Assistant Attorney General, Hicks, Maloof & Campbell, Bruce M. Edenfield*, for appellees.