A98A2460. KIM v. DEPARTMENT OF TRANSPORTATION.
(510 SE2d 50)

Judge Harold R. Banke.

Jeong Kim appeals the dismissal of his complaint against the Georgia Department of Transportation ("DOT") under the Georgia Tort Claims Act ("GTCA") for failure to comply with the ante-litem notice provisions of the GTCA. Kim contends it was error to dismiss his complaint for that reason because he substantially complied with the ante-litem notice provisions and because he contends the GTCA and its ante-litem notice provisions violate the United States and Georgia Constitutions.

After Kim was injured in an automobile accident, he filed suit against DOT alleging improper design of the highway. DOT filed a special appearance answer to the complaint that, among other defenses, asserted failure to give ante-litem notice as required by the GTCA and lack of jurisdiction. The last page of the pleading contained the notice: "PLEASE ADDRESS ALL COMMUNICATIONS TO: [The name and address of the Assistant Attorney General responsible for the litigation]."

DOT moved to dismiss the complaint because Kim had not complied with the ante-litem notice provisions of OCGA § 50-21-26. The motion relied upon OCGA § 50-21-26 (a) which provides that "[n]o

person, firm, or corporation having a tort claim against the state under this article shall bring any action against the state upon such claim without first giving notice of the claim." The notice must "be given in writing and shall be mailed by certified mail, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services. In addition, a copy shall be delivered personally to or mailed by first-class mail to the state government entity, the act or omissions of which are asserted as the basis of the claim." OCGA § 50-21-26 (a) (2). The Code section further provides that "[n]o action against the state under this article shall be commenced and the courts shall have no jurisdiction thereof unless and until a written notice of claim has been timely presented to the state as provided in this subsection." OCGA § 50-21-26 (a) (3).

Kim's response to DOT's motion asserted that he gave sufficient written notice because his complaint was served upon the commissioner of the DOT within 12 months of the date the loss was discovered and because he sent an ante-litem notice to the assistant attorney general responsible for the case as required by the notation on DOT's special appearance answer. Kim does not allege, however, that he gave notice, either by certified mail, return receipt requested, or personally delivered to the Risk Management Division of the Department of Administrative Services before he filed suit.

The trial court granted DOT's motion to dismiss Kim's complaint without ruling on Kim's constitutional challenges. Although Kim filed his appeal with the Supreme Court of Georgia, the case was transferred to this Court because Kim's constitutional challenges were not distinctly ruled upon by the trial court. *Held*:

1. As Kim's constitutional challenges to OCGA § 50-21-26 were not distinctly ruled upon by the trial court, those issues are not preserved for appellate review. *Atlanta Independent School System v. Lane*, 266 Ga. 657, 658 (1) (469 SE2d 22) (1996); *Raskin v. Wallace*, 215 Ga. App. 603, 604 (1) (451 SE2d 485) (1994).

2. Kim's argument that he substantially complied with the ante-litem notice provision in OCGA § 50-21-26 (a) is unpersuasive. Strict compliance with OCGA § 50-21-26 (a) is required. *McGee v. State of Ga.*, 227 Ga. App. 107, 108-109 (1) (487 SE2d 671) (1997); *Howard v. State of Ga.*, 226 Ga. App. 543-545 (1) (487 SE2d 112) (1997). By its own terms, the State Tort Claims Act must be strictly construed (id. at 543 (1)), and OCGA § 50-21-26 (a) specifically sets forth the manner in which and to whom the required notice must be given. Kim did not give notice to the Risk Management Division of the State Department of Administrative Services as required by OCGA § 50-21-26 (a) before suit was filed. A notice typed on a pleading stating where communications should be directed is not effective to amend the law of

this state. Therefore, the notice Kim contends he made was not that specified in OCGA § 50-21-26 (a), and his claim was dismissed properly under OCGA § 9-11-12 (b) (1) because the trial court did not have subject matter jurisdiction over the action. OCGA § 50-21-26 (a) (3); *Howard*, 226 Ga. App. at 544-545 (1).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 25, 1998.

*Holland & Knight, Keith J. Reisman*, for appellant.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General, Debra A. Golybieski, Assistant Attorney General*, for appellee.

*Don C. Keenan*, amicus curiae.