A01A2152. GRANT v. FAIRCLOTH et al.
(556 SE2d 928)

ELDRIDGE, Judge.

Gordon Grant brought a tort action against Timothy Faircloth, Jr. for negligently running into him with a golf cart on September 29, 1997, while acting within the scope of his employment with Georgia Southern University; the Board of Regents; and John Does 1-5. The defendants, after service, answered and moved for dismissal for lack of subject matter jurisdiction in this action under the Georgia Tort Claims Act, OCGA § 50-21-26 (a) (3). The trial court granted the motion, and we affirm.

Plaintiff sued Faircloth and other unknown individuals who were acting in the scope of their employment for the State when the alleged unintentional tort occurred. Sovereign immunity of the State is waived only in strict compliance with the Act. *Kim v. Dept. of Transp.*, 235 Ga. App. 480, 481-482 (2) (510 SE2d 50) (1998); *McGee v. State of Ga.*, 227 Ga. App. 107, 108-109 (1) (487 SE2d 671) (1997); *Howard v. State of Ga.*, 226 Ga. App. 543, 544-545 (1) (487 SE2d 112) (1997). The Act expressly prohibits suits against State employees absent a showing of malice. OCGA § 50-21-25 (a); *Merrow v. Hawkins*, 266 Ga. 390, 392 (2) (467 SE2d 336) (1996). Under the Act, Faircloth and any other employees are immune from tort liability. Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d); OCGA § 50-21-25 (a); *Riddle v. Ashe*, 269 Ga. 65, 66 (1) (495 SE2d 287) (1998).

While the State employee or agent cannot be sued, the State, its agencies, and authorities can be liable under a limited waiver of sovereign immunity when the conditions precedent to waiver under the Act have been satisfied. See OCGA §§ 50-21-23; 50-21-24; 50-21-26; *Riddle v. Ashe*, supra at 67.

However, in this case, plaintiff failed to give the ante litem notice to the Risk Management Division of the Department of Administrative Services with a copy sent to the Board of Regents within 12 months of the occurrence as mandated by OCGA § 50-21-26 (a), which bars this action unless the plaintiff is a minor. *Howard v. State of Ga.*, supra at 545-546 (2); *Howard v. Miller*, 222 Ga. App. 868, 871 (1) (476 SE2d 636) (1996). Substantial compliance with the ante litem notice requirement is inadequate under the Act. *McGee v. State of Ga.*, supra at 108-109 (1); *Howard v. State of Ga.*, supra at 544-545 (1). The complaint did not have attached to it a copy of such ante litem notice showing compliance as required by OCGA § 50-21-

26 (a) (4). The Act prevents the trial court from acquiring subject matter jurisdiction in cases coming within the ambit of the Act where there has been no ante litem notice. OCGA § 50-21-26 (a) (3); *Kim v. Dept. of Transp.*, supra at 482 (2); *Howard v. State of Ga.*, supra at 544-545.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED DECEMBER 6, 2001.

*Steven E. Scheer*, for appellant.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General, David B. Fife, Assistant Attorney General*, for appellees.