## A02A0173. DEMPSEY v. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA.
(568 SE2d 154)

MILLER, Judge.

A plaintiff injured by employees of a State agency failed to notify the State of her claim in writing prior to filing suit against the agency. Following the dismissal of her suit, plaintiff appeals, contending that she substantially complied with the ante litem notice requirements in that an agency employee (on plaintiff's behalf) notified the State through a letter sent by first class mail. Substantial compliance, however, is inadequate. Since the letter was inadequate notice and was not sent via approved means, the trial court correctly dismissed the suit.

Jessica Dempsey, a student at the University of Georgia, was injured in September 1998 when university employees cut a tree limb that fell on her. A university official (Jay Toci) contacted her and told her he would notify the proper authorities, on her behalf, so that her claim would comply with the notice requirements of the Georgia Tort Claims Act (GTCA). See OCGA § 50-21-20 et seq. Three months later, Toci sent a letter via first class mail to the Department of Administrative Services (DOAS) Risk Management Division, telling them of the incident and concluding that there might be future medical treatments for which Dempsey might need compensation. Over the next three months, an insurance adjuster contacted Dempsey,

---

[14] (Punctuation omitted.) *Eickhoff*, supra at 502.
[15] See id.

verbally and in writing, to obtain further information on the claim. The parties exchanged no other relevant writings.

In September 2000, Dempsey sued the Board of Regents of the University System of Georgia under the GTCA to recover damages for the injury. The Board moved to dismiss the complaint on the ground that Dempsey had failed to comply with the ante litem notice requirements of OCGA § 50-21-26. The court granted the motion and dismissed the complaint for lack of subject matter jurisdiction. Dempsey appeals, arguing that she substantially complied with the notice requirements. Specifically, she contends that the Toci letter constituted adequate notice under OCGA § 50-21-26 (a).

OCGA § 50-21-26 (a) (1) provides that no person may bring a GTCA action against the State without first giving notice of the claim in writing within 12 months of the discovery of the loss. OCGA § 50-21-26 (a) (2), prior to an amendment applicable only to notices delivered on or after July 1, 2000 (see Ga. L. 2000, pp. 1589, 1608, 1617, §§ 3, 16), mandated the manner of delivering the notice:

> Notice of a claim shall be given in writing and shall be mailed by certified mail, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services. In addition, a copy shall be delivered personally to or mailed by first-class mail to the state government entity, the act or omissions of which are asserted as the basis of the claim.

See *Ga. Ports Auth. v. Harris*, 274 Ga. 146, 149-150 (2) (549 SE2d 95) (2001).

Paragraph (3) of subsection (a) warns that no action against the State under the GTCA "shall be commenced and the courts shall have no jurisdiction thereof unless and until a written notice of claim has been timely presented to the state as provided in this subsection." OCGA § 50-21-26 (a) (3). Indeed, "[a]ny complaint filed pursuant to this article must have a copy of the notice of claim presented to the Department of Administrative Services together with the certified mail receipt or receipt for other delivery attached as exhibits." Former OCGA § 50-21-26 (a) (4) (applicable to this action).

Further, it is clear that the State cannot waive subject matter jurisdiction. "Subject-matter jurisdiction is established by our laws, and there is nothing parties to a suit can do to give a court jurisdiction over a matter that has not been conferred by law." (Citation and punctuation omitted.) *Mitchell v. Mitchell*, 220 Ga. App. 682, 683 (2) (469 SE2d 540) (1996). Thus, failure to give the requisite notice routinely results in dismissals for want of subject matter jurisdiction.

See, e.g., *Howard v. State of Ga.*, 226 Ga. App. 543, 544-545 (1) (487 SE2d 112) (1997).

Conceding that she herself sent no such notice to DOAS with a copy to the Board, Dempsey contends that the letter sent by Board employee Toci to DOAS fulfilled that requirement. She further argues that the notice was delivered personally to DOAS and that the receipt of that personal delivery was a letter sent to her by an outside insurance adjuster who on behalf of the Board was requesting further information on her medical expenses. She concludes that since the State had actual notice of the claim, and since Toci had assured her that he would send all appropriate notices, the purposes of the notice requirement were met.

Dempsey's arguments ignore the strong, unyielding language of the statute, of the Supreme Court of Georgia, and of this Court mandating that we strictly interpret the notice requirements of the GTCA and that potential plaintiffs strictly comply with those requirements. The GTCA, "by its own terms, must be strictly construed." *Howard*, supra, 226 Ga. App. at 543 (1); accord *Harris*, supra, 274 Ga. at 150 (2); *Kim v. Dept. of Transp.*, 235 Ga. App. 480, 481 (2) (510 SE2d 50) (1998); see OCGA § 50-21-23 (b). "Substantial compliance with the ante litem notice requirement is inadequate under the Act. [Cits.]" *Grant v. Faircloth*, 252 Ga. App. 795 (556 SE2d 928) (2001); accord *Williams v. Ga. Dept. of Human Resources*, 272 Ga. 624 (532 SE2d 401) (2000); *McGee v. State of Ga.*, 227 Ga. App. 107, 108-109 (1) (487 SE2d 671) (1997). "Strict compliance with OCGA § 50-21-26 (a) is required. [Cits.]" *Kim*, supra, 235 Ga. App. at 481 (2).

Viewed in the light of strict construction and strict compliance, Dempsey's arguments fail for at least three reasons. First, Toci's letter to DOAS does not fulfill the notice requirement. This letter, which was not sent by Dempsey or by her attorney, was not a notice of claim based on her "knowledge and belief." See OCGA § 50-21-26 (a) (5). Rather, it was an intragovernmental letter from one state agency to another regarding the author's knowledge of the incident and of the status of Dempsey's resulting injuries. Indeed, the letter does not purport to be a notice of Dempsey's claim to compensation, but merely observes that "a claim should be initiated *just in case* future medical treatments are required and there is a need to compensate this student." (Emphasis supplied.) No "amount of the loss" is set forth as required by OCGA § 50-21-26 (a) (5).

Second, even if the letter were sufficient, it was not sent via certified mail nor was it delivered personally to the DOAS representative. The undisputed evidence shows that the letter was sent via first-class mail with no copy to the Board. This was insufficient. As reiterated by the Supreme Court of Georgia, under the plain language of OCGA § 50-21-26 (a) (2) the notice "*must* be mailed by certi-

fied mail, return receipt requested, or delivered personally to the Risk Management Division of the Department of Administrative Services; and a copy *must* be mailed or delivered to the state government entity whose acts or omissions serve as the basis for the claim." (Footnote omitted; emphasis supplied.) *Williams*, supra, 272 Ga. at 625; accord *Norris v. Dept. of Transp.*, 268 Ga. 192-193 (486 SE2d 826) (1997). Our Court has concurred: "[T]he State Tort Claims Act cannot be considered unclear or at all open-ended about the service aspect of its ante litem notice provision. In fact, it cannot get any more specific. . . ." *Howard*, supra, 226 Ga. App. at 544 (1). "OCGA § 51-21-26 (a) specifically sets forth the manner in which and to whom the required notice *must* be given." (Emphasis supplied.) *Kim*, supra, 235 Ga. App. at 481 (2). "The explicit ante litem notice provision of the State Tort Claims Act is ignored only at peril to a plaintiff's cause of action." *Howard*, supra, 226 Ga. App. at 545 (1).

Third, Dempsey's observation that the requisite state agencies had actual notice carries no weight, as this fact has previously been held to be irrelevant. *McGee*, supra, 227 Ga. App. at 108-109 (1). Nor does the fact that Toci stated he would handle all requisite notices play any role, as a government official may not waive or be estopped from invoking statutory notice requirements. *Gillingwater v. City of Valdosta*, 177 Ga. App. 241-242 (2) (339 SE2d 287) (1985); see OCGA § 45-6-5; cf. *Howard*, supra, 226 Ga. App. at 545 (1).

Dempsey failed to comply with the explicit notice requirements of the GTCA. The trial court therefore did not err in dismissing the complaint for want of subject matter jurisdiction.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED JULY 2, 2002 — 

*England & England, J. Melvin England*, for appellant.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General, J. David Stubins, Assistant Attorney General*, for appellee.