A05A1539. WILLIAMS v. GEORGIA DEPARTMENT OF TRANSPORTATION et al.
(619 SE2d 763)

BLACKBURN, Presiding Judge.

Following the dismissal of her personal injury claim against the Georgia Department of Transportation due to defective ante litem notice (see OCGA § 50-21-26), and the entry of summary judgment on her related claim against Riverdale Paving Company, Vanessa Williams appeals both orders. For the reasons set forth below, we affirm both rulings.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence,

---

and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmoving party. *Matjoulis v. Integon Gen. Ins. Corp.*[1]

Construed in favor of Williams, the allegations and evidence show that on March 2, 2002, Williams was driving her vehicle when she went onto the road's shoulder. As she attempted to return to her lane, she lost control of her vehicle and swerved into oncoming traffic, striking a second vehicle and suffering significant injuries.

Williams sued DOT and Riverdale Paving Company, alleging that under the supervision of DOT, Riverdale had resurfaced this section of the highway and had negligently allowed the drop-off at the road's shoulder to exceed the acceptable standard of two inches, which caused her to lose control when she attempted to return to her lane from that shoulder. Although the other driver sent DOT an ante litem notice within 12 months of the accident, Williams sent no notice until May 9, 2003, more than 14 months after the accident. See OCGA § 50-21-26 (a) (1) ("[n]otice of a claim shall be given in writing within 12 months of the date the loss was discovered or should have been discovered").

DOT moved to dismiss the action for want of jurisdiction on grounds that the ante litem notice had not been timely sent, which motion the court granted. Riverdale moved for summary judgment, arguing that long before the accident, it had completed and turned the project over to DOT, which had accepted the project. The court granted this motion also. Williams appeals both orders.

1. We review de novo a trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law. *Dept. of Human Resources v. Johnson.*[2] Factual findings are sustained if there is evidence supporting them, and the burden of proof is on the party seeking the waiver of immunity. Id.

Sovereign immunity applies to the State and its departments and agencies except to the extent that the legislature enacts a specific waiver. Ga. Const. 1983, Art. I, Sec. II, Par. IX (e). OCGA § 50-21-23 waives the State's sovereign immunity as to torts by State employees, but only to the extent and in the manner provided in the Georgia Tort Claims Act. OCGA § 50-21-26 (a) of the GTCA requires that notice of a claim be given in writing and in a certain manner within 12 months of the date the loss was discovered or should have been discovered. Until such a written notice of claim has been timely presented to the State as provided in OCGA § 50-21-26 (a), "[n]o action against the

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] *Dept. of Human Resources v. Johnson*, 264 Ga. App. 730, 731 (592 SE2d 124) (2003), aff'd, *Johnson v. Ga. Dept. of Human Resources*, 278 Ga. 714 (606 SE2d 270) (2004).

state under this article shall be commenced and the courts shall have no jurisdiction thereof." OCGA § 50-21-26 (a) (3). "Thus, failure to give the requisite notice routinely results in dismissals for want of subject matter jurisdiction." *Dempsey v. Bd. of Regents &c. of Ga.*[3]

It is undisputed that Williams sent no notice of her claim to DOT until 14 months had passed after the date she suffered the injuries for which she seeks recovery. Nevertheless, Williams seeks to excuse this omission by arguing that the notice sent by the other driver to DOT, which was sent within 12 months of the accident, suffices to meet this requirement. This argument fails for the simple reason that substantial compliance with the notice requirement is insufficient.

"The GTCA, by its own terms, must be strictly construed. Substantial compliance with the ante litem notice requirement is inadequate under the Act. Strict compliance with OCGA § 50-21-26 (a) is required." (Citations and punctuation omitted.) *Dempsey*, supra at 293. The statute requires in part that the notice state, to the extent of the claimant's knowledge and belief, the nature of the loss suffered and the amount of the loss claimed. OCGA § 50-21-26 (a) (5) (D), (E).

The letter sent by the other injured driver failed to meet the notice required from Williams before she could file suit. "This letter, which was not sent by [Williams] or by her attorney, was not a notice of claim based on her 'knowledge and belief.' " *Dempsey*, supra at 293. Nor did the letter specify the nature of the loss suffered by Williams nor the amount of the loss Williams was claiming. See *Camp v. Coweta County*[4] (failure to identify nature of claimant's injuries renders notice insufficient).

The Supreme Court of Georgia has strictly enforced these very requirements. In *Williams v. Ga. Dept. of Human Resources*,[5] a husband and wife notified the State of the wife's pain and suffering (and of the husband's resulting loss of consortium) caused by the Department of Human Resources's failure to diagnose the wife's breast cancer. When the wife subsequently died as a result, the husband filed a wrongful death action against DHR, which the trial court dismissed for want of an adequate ante litem notice. The Supreme Court of Georgia affirmed, finding the notice of pain and suffering and of the loss of consortium "did not adequately describe the nature of [the husband's] loss after her death." Id. at 626. The Court specifically condemned any statutory interpretation that would allow individuals to "sue the state based on the notice of other persons

---

[3] *Dempsey v. Bd. of Regents &c. of Ga.*, 256 Ga. App. 291, 292 (568 SE2d 154) (2002).

[4] *Camp v. Coweta County*, 271 Ga. App. 349, 355 (3) (609 SE2d 695) (2005).

[5] *Williams v. Ga. Dept. of Human Resources*, 272 Ga. 624 (532 SE2d 401) (2000).

about other claims, so long as the claims derived from the same negligent act." Id. See *Ga. Ports Auth. v. Harris*[6] (injured party's notice of claim did not give adequate notice of spouse's corresponding loss of consortium claim).

Williams next argues that since the State had actual notice of her claim, such should suffice. She points out that a State representative had contacted her on numerous occasions to discuss the accident. The "observation that the requisite state agencies had actual notice carries no weight, as this fact has previously been held to be irrelevant." *Dempsey*, supra at 294. See *McGee v. State of Ga.*[7] (investigation by state representative showed actual notice, but this did not excuse plaintiff's failure to strictly comply with notice requirement).

Because Williams failed to send a timely ante litem notice, the trial court did not err in dismissing Williams's claim against the DOT for want of jurisdiction.

2. Williams next claims that the statute setting forth the ante litem notice (OCGA § 50-21-26) is void for vagueness. Specifically, Williams argues that the date on which the 12 months begins to run is unclear.

OCGA § 50-21-26 (a) (1) provides: "Notice of a claim shall be given in writing within 12 months of the date the loss was discovered or should have been discovered." Williams contends that the language "the date the loss was discovered or should have been discovered" is vague, particularly in her case where she did not learn of the ante litem notice requirement until May 2003, more than 12 months after the accident.

Williams's argument that the language is vague is without merit. The date on which she learned of the ante litem notice requirement is unrelated to the date on which she discovered her loss. Since "loss" is defined as "personal injury" (see OCGA § 50-21-22 (3)), Williams's affidavit confirming she was admitted to the hospital on the same day as the accident undisputably demonstrates that she "discovered" her loss on March 2, 2002. When she gained actual knowledge of the ante litem notice requirement is simply irrelevant to this inquiry. Cf. *Clark v. Bd. of Regents &c. of Ga.*[8] (not learning of claim against State until after 12 months had run does not excuse failure to send timely ante litem notice within 12 months of injury). We discern no vagueness in the statutory language.

---

[6] *Ga. Ports Auth. v. Harris*, 243 Ga. App. 508, 515 (8) (533 SE2d 404) (2000), aff'd, 274 Ga. 146 (549 SE2d 95) (2001).

[7] *McGee v. State of Ga.*, 227 Ga. App. 107, 108-109 (1) (487 SE2d 671) (1997).

[8] *Clark v. Bd. of Regents &c. of Ga.*, 250 Ga. App. 448, 449 (552 SE2d 445) (2001).

3. Regarding the summary judgment granted to Riverdale, the evidence was undisputed that Riverdale had completed its resurfacing by May 26, 2000, and that on May 26, 2000, DOT accepted the work and resumed normal control over the roadway, with no additional work being performed by Riverdale. Williams acknowledges the long-established Georgia doctrine that

> where the work of an independent contractor is completed, turned over to, and accepted by the owner, the contractor is not liable to third persons for damages or injuries subsequently suffered by reason of the condition of the work, even though he was negligent in carrying out the contract, at least, if the defect is not hidden but readily observable on reasonable inspection.

(Punctuation omitted.) *Price v. Wright Contracting Co.*[9] Williams argues that some evidence showed that the defect here was hidden and that the court therefore erred in entering summary judgment.

In her complaint and in the expert affidavit she submitted, Williams and the expert maintain that the defect in the roadway was that the drop-off onto the shoulder was *excessive* in that the drop-off *exceeded* two inches (two inches is the acceptable standard). It was this excessive drop-off that she claims caused her to lose control of her vehicle. Williams, in her brief opposing summary judgment (and in her appellate brief), claims, without citation to evidence, that the defect was "hidden" in that the drop-off *was less than* two inches and therefore not readily apparent. If the drop-off were less than two inches, then there was no negligence. If the drop-off were greater than two inches, then it was readily apparent and the DOT's acceptance of the completed work would preclude Williams's action against Riverdale. Either way, summary judgment was appropriate against Williams.

*Judgment affirmed. Miller and Adams, JJ., concur.*

DECIDED AUGUST 11, 2005.

*Graylin C. Ward*, for appellant.
*Thurbert E. Baker, Attorney General, Loretta L. Pinkston, Assistant Attorney General, Hawkins & Parnell, Mahaley C. Paulk*, for appellees.

---

[9] *Price v. Wright Contracting Co.*, 183 Ga. App. 595, 597 (359 SE2d 406) (1987).