A06A1997. GEORGIA DEPARTMENT OF JUVENILE JUSTICE
v. CUMMINGS.
(637 SE2d 441)

PHIPPS, Judge.

We granted the interlocutory appeal application of the Georgia Department of Juvenile Justice (DJJ) from an order of the superior court denying its motion to dismiss a complaint filed by Carlise Cummings against it and others. Cummings seeks to recover damages for injuries sustained in a motor vehicle collision. The DJJ contends that Cummings's complaint against it should have been dismissed on jurisdictional grounds, because Cummings failed to provide it with ante litem notice within 12 months of the date of the collision as required by the Georgia Tort Claims Act (GTCA). We agree and reverse.

Through enactment of the GTCA at OCGA § 50-21-20 et seq., the General Assembly granted a limited waiver of the sovereign immunity of our state with certain conditions precedent to the waiver.[1] Ante litem notice of the claim to the state in accordance with the requirements of OCGA § 50-21-26 is one of the conditions precedent to a waiver of sovereign immunity.[2] "We review de novo a trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law. Factual findings are sustained if there is evidence supporting them, and the burden of proof is on the party seeking waiver of immunity."[3]

*The Facts*

The accident giving rise to this suit occurred on December 5, 2002, when a car driven by Cummings collided with a van driven by Gary Player after the van pulled away from a stop sign into the car's

---

[1] *Johnson v. E. A. Mann & Co.*, 273 Ga. App. 716, 720 (616 SE2d 98) (2005).

[2] See *Baskin v. Ga. Dept. of Corrections*, 272 Ga. App. 355, 357 (2) (612 SE2d 565) (2005).

[3] *Williams v. Ga. Dept. of Transp.*, 275 Ga. App. 88, 89 (1) (619 SE2d 763) (2005) (citations omitted).

path. At the time of the collision, Player was an employee of the DJJ. As found by the trial court, however, the van he was driving did not bear any decals or other insignia identifying it as belonging to the DJJ. Nonetheless, the investigating officer prepared an accident report which identified the van's owner as the State of Georgia and further listed its vehicle identification number and license plate number. The accident report also listed Player's name, address, and telephone number — as well as the name and address of Rodney Lawrence, another employee of the DJJ who was a passenger in the van. After the collision, Cummings obtained a copy of the accident report.

On or about July 21, 2003, Cummings sent ante litem notice of a claim against the State of Georgia to the Risk Management Division of the Department of Administrative Services (DOAS) by certified mail with return receipt. The notice stated that the claim arose from negligent operation of a motor vehicle by Gary Player, an employee of the Georgia Department of Transportation (DOT). Cummings, therefore, sent a copy of the notice to the DOT.

The DOAS appointed an adjuster to investigate the claim. The DOAS and the adjuster were both aware that Player was an employee of the DJJ rather than the DOT. Without, however, disclosing that to Cummings, the adjuster extended a $15,000 settlement offer to Cummings in November 2003. Cummings did not accept the offer.

In June 2004, as Cummings's attorney was preparing to file suit on the claim, he again contacted the adjuster to discuss a possible settlement. The adjuster then informed him, for the first time, that no settlement offer would be extended because Player was employed by the DJJ and no copy of Cummings's ante litem notice had been sent to that agency. Therefore, on or about June 25, 2004, Cummings sent an amended ante litem notice to the DOAS with a copy to the DJJ.

*Proceedings Below*

On August 25, 2004, Cummings brought this suit to recover for injuries sustained in the collision. As defendants, she named the State of Georgia, the DOT, the DJJ, an unknown department within the State of Georgia, and Player. All defendants moved to dismiss for various reasons, including lack of subject matter jurisdiction based on Cummings's failure to provide timely ante litem notice to the DJJ. The trial court denied the DJJ's motion to dismiss on that ground, ruling that because the DOAS received timely ante litem notice, albeit notice identifying the DOT rather than the DJJ as the state government entity whose acts or omissions were the asserted basis of the claim, Cummings had complied with OCGA § 50-21-26 (a). The court further found that the DOAS had superior, actual knowledge

that the DJJ was the state government entity whose acts or omissions were responsible for Cummings's alleged loss, that Cummings's mistaken belief that the DOT was the proper government entity was not due to a failure to adequately investigate the case, and that neither the DOAS nor the DJJ was prejudiced by the incorrect naming of the DOT as the responsible government entity. The trial court granted the remaining defendants' motions to dismiss on other grounds. We granted the DJJ's application for interlocutory appeal.

## OCGA § 50-21-26

Subsection (a) (1) of OCGA § 50-21-26 requires a notice of a claim to be given "in writing within 12 months of the date the loss was discovered or should have been discovered."

Subsection (a) (2) provides that the written notice of a claim "shall be mailed by certified mail or statutory overnight delivery, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services." Additionally, it requires a copy of that notice to be "delivered personally to or mailed by first-class mail to the state government entity, the act or omissions of which are asserted as the basis of the claim."

Subsection (a) (3) provides that the courts shall have no jurisdiction of any action against the state under the GTCA "unless and until a written notice of claim has been timely presented to the state as provided in" subsection (a).

Subsection (a) (4) requires any complaint filed pursuant to the GTCA to have attached as exhibits a copy of the notice of claim presented to the DOAS together with the certified mail or statutory overnight delivery receipt or receipt for other delivery. Subsection (a) (4) further provides that, "[i]f failure to attach such exhibits to the complaint is not cured within 30 days after the state raises such issue by motion, then the complaint shall be dismissed without prejudice."

Subsection (a) (5) sets forth six categories of information that a notice of claim "shall state, *to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances*."[4] Specifically, subsection (a) (5) (A) requires the notice to state "[t]he name of the state government entity, the acts or omissions of which are asserted as the basis of the claim."

---

[4] (Emphasis supplied.)

*Case Law*

In contending that the trial court erred in finding the ante litem notice adequate in this case, the DJJ relies on *Johnson v. E. A. Mann & Co.*,[5] *Dempsey v. Bd. of Regents &c. of Ga.*,[6] *Grant v. Faircloth*,[7] *Clark v. Bd. of Regents &c. of Ga.*,[8] *McGee v. State of Ga.*,[9] and *Howard v. State of Ga.*[10]

The plaintiff in *Howard v. State of Ga.*[11] provided ante litem notice to an agent for the responsible state government entity's insurance company. Despite "unsettling evidence" that the agent had intimated that the requisite notice should have been sent to him since he was handling the matter on behalf of the DOAS, we concluded that the "clearly stated directives in the statutory notice provision of OCGA § 50-21-26 (a) (2)" took precedence.[12] We did not find any lack of specificity in OCGA § 50-21-26 (a) (2) that could provide a basis for application of a substantial compliance standard. We observed that

> the State Tort Claims Act cannot be considered unclear or at all open-ended about the service aspect of its ante litem notice provision. In fact, it cannot get any more specific: ante litem notice must be served upon the Risk Management Division of the Department of Administrative Services *and* whichever state governmental entity the plaintiff holds as liable for the alleged injury.[13]

We thus cautioned that "[t]he explicit ante litem notice provision of the [GTCA] is ignored only at peril to a plaintiff's cause of action."[14]

In *McGee v. State of Ga.*,[15] an insurance adjuster retained by the state's liability insurance carrier made an offer of settlement which the plaintiff rejected prior to filing suit. Plaintiff tried to excuse her failure to provide ante litem notice to either the DOAS or the responsible state governmental entity, by arguing that the state clearly had notice of the claim because of the actions of the insurance adjuster and that she had therefore substantially complied with the

---

[5] Supra.
[6] 256 Ga. App. 291 (568 SE2d 154) (2002).
[7] 252 Ga. App. 795 (556 SE2d 928) (2001).
[8] 250 Ga. App. 448 (552 SE2d 445) (2001).
[9] 227 Ga. App. 107 (487 SE2d 671) (1997).
[10] 226 Ga. App. 543 (487 SE2d 112) (1997).
[11] Id.
[12] Id. at 545 (1).
[13] Id. at 544 (footnote omitted; emphasis in original).
[14] Id. at 545.
[15] Supra.

statute. We rejected this argument, holding that under *Howard* substantial compliance with the GTCA is inadequate.[16]

Accordingly, we held in *Grant v. Faircloth*[17] that plaintiff's failure to give ante litem notice to the DOAS with a copy to the responsible state government entity within 12 months of the occurrence barred the action.

In *Clark v. Bd. of Regents &c. of Ga.*,[18] the plaintiff was involved in a vehicular collision with a University of Georgia employee who was driving an unmarked van. The plaintiff did not discover that the driver of the van was a state employee until about 15 months after the collision. Within about six months after that, the plaintiff provided ante litem notice of her personal injury claim to the DOAS and to the van driver's employer, the Board of Regents (BOR). We held that because notice of the claim was not presented to the state within 12 months of the collision, the jurisdictional prerequisite to suit was not satisfied.[19] We rejected the argument that the van driver's failure to disclose the identity of his employer constituted a fraudulent concealment.

In *Dempsey v. Bd. of Regents &c. of Ga.*,[20] the plaintiff was a University of Georgia student who was injured when university employees cut a tree limb that fell on her. She did not sue the responsible government entity, the BOR, until about two years after the incident. Nor did she provide either the DOAS or the BOR with ante litem notice. Her excuse was that a university official had told her that he would notify the proper authorities on her behalf under the GTCA and that he had in fact sent a letter via first class mail to the DOAS informing them of the incident. The plaintiff claimed that the letter fulfilled the ante litem requirement of the statute. We disagreed, holding that her

> arguments ignore[d] the strong, unyielding language of the statute, of the Supreme Court of Georgia, and of this Court mandating that we strictly interpret the notice requirements of the GTCA and that potential plaintiffs strictly comply with those requirements.[21]

---

[16] 227 Ga. App. at 108-109 (1).
[17] Supra.
[18] Supra.
[19] 250 Ga. App. at 449.
[20] Supra.
[21] 256 Ga. App. at 293.

We reiterated, "The GTCA, by its own terms, must be strictly construed. Substantial compliance with the ante litem notice requirement is inadequate under the Act. Strict compliance with OCGA § 50-21-26 (a) is required."[22] We further found irrelevant the fact that the university official stated that he would handle all requisite notices, "as a government official may not waive or be estopped from invoking statutory notice requirements."[23]

The plaintiff in *Johnson v. E. A. Mann & Co.*[24] provided the requisite ante litem notice to the DOAS but did not send a copy of the notice to the responsible government entity, the DOT. The plaintiff argued that his notice to DOAS was adequate because he had alleged in the notice that his injury was caused by negligent road construction. We held that

> [a]lthough one might consider [plaintiff's] notice to be in substantial compliance with the Tort Claims Act, substantial compliance with the Act is inadequate to waive sovereign immunity. Under the statute, it is not the role of the Risk Management Division to analyze the allegations of a plaintiff's notice and come to a conclusion as to which state government entity, or entities, a plaintiff intends to sue; instead, it is the responsibility of the plaintiff to simply name the entity or entities in its notice of claim.[25]

In *Camp v. Coweta County*,[26] however, our Supreme Court has recently made clear that under the guise of strictly construing the GTCA, we should not ignore its plain language. *Camp* involved OCGA § 50-21-35, the service of process provision of the GTCA. To perfect service of process in an action against the state under the GTCA, OCGA § 50-21-35 requires the plaintiff to cause process to be served upon both the involved government entity and the Risk Management Division of the DOAS. It also requires that a copy of the complaint be mailed to the Attorney General and that a certificate that the mailing requirement has been met be attached to the complaint. Because mailing the complaint to the Attorney General is not, however, required to perfect service of process, the Court in *Camp* held that failure to satisfy the mailing requirement in a timely manner is not necessarily fatal to the complaint.

---

[22] Id. (citations and punctuation omitted).

[23] Id. at 294 (citations omitted).

[24] Supra.

[25] 273 Ga. App. at 722 (citation and punctuation omitted).

[26] 280 Ga. 199 (625 SE2d 759) (2006).

## *Our Holding*

Subsection (a) (5) (A) of OCGA § 50-21-26 does envision circumstances in which it might not be "practicable" for a claimant to correctly state the name of the responsible government entity in the ante litem notice. Although subsection (a) (2) clearly requires that a copy of the ante litem notice provided to the DOAS be delivered or mailed to the government entity on whose acts or omissions the claim is based, subsection (a) (3) specifies only that ante litem notice be "timely presented to the state." And subsection (a) (4), which requires a copy of the notice of claim presented to the DOAS to be attached as an exhibit to the complaint, does not require proof that another copy of the notice was provided to the responsible state government entity. Arguably, therefore, failure to name the correct government entity in the initial ante litem notice is not necessarily fatal to the complaint.

Cases such as *Howard, McGee,* and *Dempsey* make two things equally clear, however. First, the burden is on the plaintiff to utilize whatever means are available to him to provide both the DOAS and the responsible government entity with timely ante litem notice of the claim pursuant to the requirements of subsection (a) (2) of OCGA § 50-21-26. Second, the fact that a DOAS claims adjuster makes a settlement offer without disabusing the claimant of his erroneous belief as to the name of the responsible government entity does not relieve the claimant from this burden.

With the information provided on the accident report, Cummings could have determined that the vehicle was in fact owned by the DJJ by utilizing the federal Driver's Privacy Protection Act[27] under the express authority of Georgia law.[28] Cummings also could have obtained information about Player's employment status through a request under the Georgia Open Records Act,[29] or perhaps by accessing the State of Georgia internet website which provides a link to a state employee directory.[30] There is no evidence Cummings attempted to ascertain the identity of the responsible state government entity through any of these methods. Therefore, the trial court erred in finding Cummings's ante litem notice in compliance with the GTCA and in denying the DJJ's motion to dismiss.

*Judgment reversed. Ruffin, C. J., and Smith, P. J., concur.*

---

[27] 18 USC § 2721 (b) (4).
[28] See OCGA § 40-3-23 (d).
[29] OCGA § 50-18-70 et seq.
[30] See www.georgia.gov.

DECIDED SEPTEMBER 26, 2006 —
RECONSIDERATION DENIED OCTOBER 17, 2006 — ▮▮▮▮▮

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Rebecca S. Adams, Assistant Attorneys General,* for appellant.

*Gary O. Bruce,* for appellee.