**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 17, 2016**

# In the Court of Appeals of Georgia

A16A0238. CALLAHAM v. GEORGIA PORTS AUTHORITY.

McFADDEN, Judge.

Kelvin Callaham appeals the dismissal of his personal injury action against the Georgia Ports Authority. On appeal, he argues that when taken together, two documents, a letter to the Ports Authority's insurance adjuster and a notice of claim to the Risk Management Division of the Department of Administrative Services, satisfied the ante litem notice requirement of the Georgia Tort Claims Act, OCGA § 50-21-20 et seq. We disagree. OCGA § 50-21-26 (a) (2) of the Act provides that when a person has a tort claim against the state, "a copy [of the person's notice of claim] shall be delivered personally to or mailed by first-class mail to the state government entity, the act or omissions of which are asserted as the basis of the claim." Since Callaham did not mail or personally deliver to the Ports Authority a

copy of the notice of claim he sent to the Risk Management Division, he did not strictly comply with the requirements of that section. And because the duty to strictly comply with those requirements cannot be excused on the basis of actual notice, the letter to the adjuster does not supply that omission. Consequently, the trial court properly dismissed his action.

On October 3, 2012, Callaham was injured in an auto accident at a Georgia Ports Authority terminal in Savannah. Later that month, his attorney sent the first of the two documents in question, a letter to a claims adjuster for the Georgia Ports Authority. That letter advised her of his representation of Callaham and notified her that Callaham had sustained injuries and was receiving medical treatment. The letter included a copy of the police report and requested that the claims adjuster provide the declaration page showing the policy limits of the insured's automobile insurance coverage. And it notified her that once Callaham had completed his medical treatment, the attorney would forward to the claims adjuster his evaluation of the case and demand. In June 2013, the attorney sent by certified mail the second of the documents in question: Callaham's notice of claim to the Risk Management Division of the Department of Administrative Services.

In May 2014, he filed this action. The Georgia Ports Authority moved to dismiss the complaint because Callaham failed to personally deliver or mail a copy of the notice of claim to it as OCGA § 50-21-26 (a) (2) requires. The trial court granted the motion, and Callaham filed this appeal.

On appeal, Callaham argues that his October 2012 letter to the Georgia Ports Authority, combined with the June 2013 notice of claim sent to the Department of Administrative Services constitute sufficient ante litem notice. OCGA § 50-21-26 (a) (2), which is reproduced in full in the margin, requires a person with a tort claim against the state to give written notice of the claim.[1] The statute requires the claimant to mail the notice by certified mail or statutory overnight delivery, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services. And it requires

---

[1] "No person, firm, or corporation having a tort claim against the state under this article shall bring any action against the state upon such claim without first giving notice of the claim as follows: . . . Notice of a claim shall be given in writing and shall be mailed by certified mail or statutory overnight delivery, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services. *In addition, a copy shall be delivered personally to or mailed by first-class mail to the state government entity, the act or omissions of which are asserted as the basis of the claim.* Each state government entity may designate an office or officer within that state government entity to whom a notice of claim is to be delivered or mailed[.]" OCGA § 50-21-26 (a) (2) (emphasis supplied).

3

the claimant to deliver personally or by first-class mail a copy of the notice of claim to the state government entity whose acts the claimant asserts to be the basis of the claim. OCGA § 50-21-26 (a) (5), which is also reproduced in full in the margin, requires the claimant to specify in the notice of claim certain items of information, including the time, place, nature, and amount of the loss.[2]

To determine whether a claimant has complied with the ante litem notice provision of the Act, we must look "to the plain meaning of the statutory language." *Williams v. Georgia Dept. of Human Resources*, 272 Ga. 624, 625 (532 SE2d 401) (2000). And "the [Georgia] Tort Claims Act, by its own terms, must be strictly construed." *Howard v. State of Ga.*, 226 Ga. App. 543 (1) (487 SE2d 112) (1997). In this case, although Callaham properly sent his notice of claim to the Risk Management Division of the Department of Administrative Services, he did not personally deliver or mail a copy of his notice of claim to the Georgia Ports Authority. He argues that his October 2012 letter to the Authority satisfies that

---

[2]"A notice of claim under this Code section shall state, to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances, the following: (A) The name of the state government entity, the acts or omissions of which are asserted as the basis of the claim; (B) The time of the transaction or occurrence out of which the loss arose; (C) The place of the transaction or occurrence; (D) The nature of the loss suffered; (E) The amount of the loss claimed; and (F) The acts or omissions which caused the loss." OCGA § 50-21-26 (a) (5).

requirement, when combined with the notice to the Risk Management Division, but the letter did not include all of the elements that must be included in a notice of claim. See OCGA § 50-21-26 (a) (5). Callaham never sent to the Georgia Ports Authority the notice required by the statute.

In *Dempsey v. Bd. of Regents of the Univ. System of Georgia*, 256 Ga. App. 291, 293-294 (568 SE2d 154) (2002), this court stated that the plain language of OCGA § 50-21-26 (a) (2) provides that the notice *"must* be mailed by certified mail, return receipt requested, or delivered personally to the Risk Management Division of the Department of Administrative Services; and a copy *must* be mailed or delivered to the state government entity whose acts or omissions serve as the basis for the claim." Id. (citations omitted; emphasis in original). In *Grant v. Faircloth*, 252 Ga. App. 795 (556 SE2d 928) (2001), we stated that a plaintiff must give the ante litem notice to the Risk Management Division of the Department of Administrative Services with a copy to the agency involved within 12 months of the occurrence as mandated by OCGA § 50-21-26 (a), and that substantial compliance is inadequate. Id. In this case, it is undisputed that Callaham did not mail or personally deliver a copy of the ante litem notice to the Ports Authority within 12 months as the plain language of the statute requires.

5

Our Supreme Court has held that while hyper-technical compliance is not required, substantial compliance is not sufficient: what is required is strict compliance.

> [T]he rule of strict compliance does not demand a hyper-technical construction that would not measurably advance the purposes of the [Act's] notice provisions, even in cases that arguably reflect some degree of leniency, the plaintiffs complied with the plain language of the ante-litem-notice provisions. . . . Suffice it to say, substantial compliance is not strict compliance. Strict compliance is exactly what it sounds like: strict. Thus, as we have previously warned, the explicit ante litem notice provision is ignored only at peril to a plaintiff's cause of action and serves as a condition precedent for bringing suit under the Act.

*DeFloria v. Walker*, 317 Ga. App. 578, 582 (732 SE2d 121) (2012) (punctuation and citations omitted).

Callaham's argument that the two documents, when taken together, satisfied the notice requirement is unavailing. The statute requires the claimant to mail to the agency whose acts form the basis of the claim notice that contains certain items of information. He does not dispute that he never sent to the Georgia Ports Authority those items of information. Even when the state agency has actual notice, a claimant

6

is not excused from strictly complying with the notice requirements. *Williams v. Ga. Dept. of Transp.*, 275 Ga. App. 88, 91 (1) (619 SE2d 763) (2005).

"[T]he notice [Callaham] contends he made was not that specified in OCGA § 50-21-26 (a), and his claim was dismissed properly . . . because the trial court did not have subject matter jurisdiction over the action." *Kim v. Dept. of Transp.*, 235 Ga. App. 480, 482 (2) (510 SE2d 50) (1998) (citations omitted).

*Judgment affirmed. Miller, P. J., and McMillian, J., concur*.