**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 11, 2020**

# In the Court of Appeals of Georgia

A20A0344. BROWN v. THE BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA.

REESE, Presiding Judge.

Charles Brown, Jr., appeals from an order dismissing his medical malpractice claim against the Board of Regents of the University System of Georgia ("the Board"). Brown argues that the trial court erred in finding that he did not meet the procedural requirements of OCGA § 50-21-26 (a) (5). For the reasons set forth infra, we affirm.

The record shows that Brown's ante litem notice of claim, dated March 9, 2017, alleged that physicians employed by Augusta University Medical Center, which operated under the auspices of the Board, failed to timely diagnose his lung cancer. One doctor ordered a chest x-ray in October 2016, due to his complaints of shortness

of breath, and another, a radiologist, reviewed the scans, noticed a significant abnormality, and ordered a chest CT evaluation. The followup, which was not performed until May 2017, ultimately revealed a lung malignancy. Brown submitted a second ante litem notice dated May 18, 2018, setting forth the same facts to correct typographical errors in the original filing.

In October 2018, Brown filed a medical malpractice action against the Board and several other defendants. In December 2018, the Board filed a motion to dismiss Brown's complaint, arguing inter alia, that Brown's second ante litem notice, dated May 18, 2018, failed to state the place of the transaction or occurrence as required by OCGA § 50-21-26 (a) (5) (C). Brown responded, arguing that the medical records attached to the notice clearly indicated that he had received treatment at the Charlie Norwood Veterans Administration Medical Center ("CNVAMC"), also known as "Augusta VAMC," and that the risk manager with whom he had been speaking never indicated a lack of knowledge as to where treatment occurred. The Board filed an additional brief, pointing out that the records were only attached to the first ante litem notice and not the second one, and that both notices seemed to indicate that treatment occurred at Augusta Medical Center when in fact, it occurred at CNVAMC. Brown filed an amended complaint and attached medical records.

2

After a hearing, the trial court granted the Board's motion to dismiss Brown's complaint for failure to follow the procedural requirements of the Georgia Tort Claims Act ("GTCA"), specifically providing notice of the alleged transaction or occurrence set forth in OCGA § 50-21-26 (a) (5) (C). Brown filed a petition for interlocutory appeal, which this Court granted.

"We review de novo a trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law. Factual findings are sustained if there is evidence supporting them, and the burden of proof is on the party seeking the waiver of immunity."[1]

With these guiding principles in mind, we now turn to Brown's claim of error.

Brown argues that the trial court erred in granting the Board's motion to dismiss because the medical records attached to his ante litem notice met the place of transactions or occurrence requirement of the GTCA.

> [T]he GTCA is a limited waiver of the State's sovereign immunity, crafted, as is constitutionally authorized, by our Legislature, and not subject to modification or abrogation by our courts, and requires a party with a potential tort claim against the State to provide the State with

---

[1] *Douglas v. Dept. of Juvenile Justice*, 349 Ga. App. 10, 10-11 (825 SE2d 395) (2019) (punctuation and footnote omitted).

notice of the claim prior to filing suit thereon. Indeed, the ante-litem notice requirements serve the purpose of ensuring that the State receives adequate notice of the claim to facilitate settlement before the filing of a lawsuit. Importantly, a claimant must strictly comply with the notice provisions as a prerequisite to filing suit under the GTCA, and substantial compliance is not sufficient[ because] substantial compliance is not strict compliance. Strict compliance is exactly what it sounds like: strict. That said, we have repeatedly emphasized that the rule of strict compliance does not demand a hyper-technical construction that would not measurably advance the purpose of the GTCA's notice provisions as reflected by the plain meaning of the relevant statutory text. Nevertheless, if the ante-litem notice requirements are not met, then the State does not waive sovereign immunity, and the trial court lacks subject-matter jurisdiction over the case.[2]

Pursuant to OCGA § 50-21-26 (a) (5),

A notice of claim under this Code section shall state, to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances, the following:
(A) The name of the state government entity, the acts or omissions of which are asserted as the basis of the claim;

---

[2] *Williams v. Wilcox State Prison*, 341 Ga. App. 290, 291-292 (1) (799 SE2d 811) (2017) (punctuation and footnotes omitted). See also OCGA § 50-21-26 (a) (3); *Baskin v. Ga. Dept. of Corrections*, 272 Ga. App. 355, 357 (2) (612 SE2d 565) (2005).

(B) The time of the transaction or occurrence out of which the loss arose;

(C) The place of the transaction or occurrence;

(D) The nature of the loss suffered;

(E) The amount of the loss claimed; and

(F) The acts or omissions which caused the loss.

Here, after considering the entire record, the trial court ruled that Brown's ante litem notices failed to comply with OCGA § 50-21-26 (a) (5). The medical records attached to the first ante litem notice from the October 2016 chest x-ray showed the patient location as "AUG Emergency Dept (ED/UC)" and indicated that the records were printed at Augusta VAMC.

> [T]he GTCA's ante litem notice provisions clearly contemplate the possibility that a claimant may have imperfect information regarding various facets of her claim at the time her notice is submitted[, as it] requires only that the prescribed details regarding the potential claim be stated to the extent of the claimant's *knowledge and belief and as may be practicable under the circumstances.*[3]

---

[3] *Cummings v. Ga. Dept. of Juvenile Justice*, 282 Ga. 822, 825 (653 SE2d 729) (2007) (citing OCGA § 50-21-26 (a) (5)) (emphasis supplied; punctuation omitted).

"[A]s we have previously warned, the explicit ante litem notice provision is ignored only at peril to a plaintiff's cause of action and serves as a condition precedent for bringing suit under the [GCTA]."[4]

This Court has previously held that "the complete omission of one of the six categories of information required by the ante litem notice statute, . . . rendered such notices insufficient."[5] Further, "we have found no case applying the ante litem notice provisions of the Act in which we or our Supreme Court found an ante litem notice that omitted an entire category of information to be sufficient."[6]

Here, both of Brown's ante litem notices failed to indicate the place where the transaction occurred, which is an entire category found in OCGA § 50-21-26 (a) (5) (C). Although Brown argues that the risk manager knew where he was treated, arguably implying actual notice, our precedent makes clear that this fact is irrelevant.[7]

---

[4] *Callaham v. Ga. Ports Authority*, 337 Ga. App. 120, 123 (786 SE2d 505) (2016) (citation and punctuation omitted).

[5] *Silva v. Ga. Dept. of Transp.*, 337 Ga. App. 116, 118 (2) (787 SE2d 247) (2016).

[6] Id. at 119 (2).

[7] *Dempsey v. Bd. of Regents of the Univ. System of Ga.*, 256 Ga. App. 291, 294 (568 SE2d 154) (2002) (contact between the Board's insurance adjuster and the claimant did not waive the government agency's subject matter jurisdiction under the

Nevertheless, "[e]ven when the state agency has actual notice, a claimant is not excused from strictly complying with the notice requirements."[8]

The Supreme Court of Georgia has explained that

[t]he stated intent of the GTCA is to balance strict application of the doctrine of sovereign immunity, which may produce inherently unfair and inequitable results, against the need for limited exposure of the state treasury to tort liability. If the ante litem notice requirements are not met, then the State does not waive sovereign immunity, and therefore, the trial court lacks subject matter jurisdiction.[9]

Further, this is not an action where the extent of Brown's injuries were unknown, he made a good faith mistake, or that the ante litem notice was imprecise.[10]

In requiring that notice be to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances, the [GCTA]'s

---

GTCA).

[8] *Callaham*, 337 Ga. App. at 123.

[9] *Bd. of Regents of the Univ. System of Ga. v. Myers*, 295 Ga. 843, 845 (764 SE2d 543) (2014) (citation and punctuation omitted) (reversing a finding that the ante litem notice was satisfied where the plaintiff had not finished treatment and had not included the amount of her claim of loss). See generally *Williams*, 341 Ga. App. at 291-292 (1) (ante litem notice requirements not met where plaintiff's identification of the acts causing the loss in the notice differed from that provided in the complaint).

[10] See *Farmer v. Dept. of Corrections*, 346 Ga. App. 387, 393-394 (1) (816 SE2d 376) (2018).

ante litem notice provisions clearly contemplate the possibility that a claimant may have imperfect information regarding various facets of his claim at the time his notice is submitted.[11]

The medical records that were attached to the first ante litem notice appear to contain the names of several healthcare facility providers that arguably were involved in Brown's medical care. The providers named in the medical records include "Aug Emergency Dept (ED/UC)," the "VHA National Teleradiology Program," "Augusta VAMC," and "VAMC ED." By attaching a copy of his October 2016 x-ray report to his first ante litem notice, Brown clearly knew of the x-ray report's existence. Further, as a practical matter, nothing in the record indicates, nor does Brown assert, that he was unaware of the location or the place where he underwent his October 2016 x-ray exam.[12] Arguably, despite the minimal prejudice to the State, "the legislature plainly listed the required elements of an ante litem notice, and this Court is not authorized to ignore an element that is wholly absent from an ante litem notice."[13]

---

[11] *Bd. of Regents of the Univ. System of Ga. v. Canas*, 295 Ga. App. 505, 509 (3) (672 SE2d 471) (2009) (citation and punctuation omitted), overruled in part on other grounds by *Rivera v. Washington*, 298 Ga. 770 (784 SE2d 775) (2016).

[12] See *Driscoll v. Bd. of Regents of the Univ. System of Ga.*, 326 Ga. App. 315, 317 (757 SE2d 138) (2014).

[13] Id.

Based on the foregoing and in light of the specific facts of this case, we affirm the trial court's dismissal of Brown's complaint.

*Judgment affirmed. Markle and Colvin, JJ., concur*.