**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**July 21, 2021**

# In the Court of Appeals of Georgia

A21A0961. MORENO v. GEORGIA DEPARTMENT OF TRANSPORTATION.

MERCIER, Judge.

Jennifer Moreno appeals from the trial court's order dismissing her claim against the Georgia Department of Transportation ("DOT") for failure to comply with the ante litem notice requirements in the Georgia Tort Claims Act ("GTCA").[1] Finding no error, we affirm.

We review the order dismissing Moreno's claim de novo. See *Bailey v. Ga. World Congress Center*, 351 Ga. App. 629 (832 SE2d 446) (2019). The record shows that on July 30, 2020, Moreno sued DOT and its employee, Roderick Browning, for damages she allegedly sustained on August 2, 2018, when a DOT vehicle driven by

---

[1] See OCGA § 50-21-20 et seq.

Browning collided with her car. She asserted negligence claims against both Browning and DOT. Moreno attached to her complaint a notice of claim sent to DOT and the Georgia Department of Administrative Services ("DOAS") by regular and certified mail on August 18, 2018. She also attached correspondence from DOAS acknowledging receipt of the notice.

DOT answered by special appearance, raising, among other defenses, that the trial court lacked jurisdiction over the matter because Moreno failed to meet the ante litem notice requirements of OCGA § 50-21-26 (a). It also filed a motion to dismiss, again asserting that Moreno's notice of claim did not comply with the statutory requirements. In response, Moreno amended her complaint, adding as an exhibit a second, more detailed description of the claim that she sent to DOAS on May 17, 2019, and to DOT on August 22, 2020.

The trial court initially denied DOT's motion to dismiss, concluding that Moreno's second notice met Georgia's ante litem notice requirements. On reconsideration, however, the trial court determined that Moreno failed to send a copy

of the second notice to DOT within the time required by OCGA § 50-21-26. It granted DOT's motion to dismiss, and this appeal followed.[2]

Through the GTCA, the legislature created a limited waiver of the State's sovereign immunity "for the torts of state officers and employees while acting within the scope of their official duties or employment." OCGA § 50-21-23. Before filing suit, however, a GTCA claimant must comply with the ante litem notice requirements in OCGA § 50-21-26, which "serve the purpose of ensuring that the State receives adequate notice of the claim to facilitate settlement before the filing of a lawsuit." *Brown v. Bd. of Regents of the Univ. System of Ga.*, 355 Ga. App. 478, 479 (844 SE2d 544) (2020) (citation and punctuation omitted).

The ante litem notice statute specifies how and when notice must be provided, as well as what the notice must contain. Specifically, the statute requires a claimant to give written notice of a claim to the Risk Management Division of DOAS within 12 months of the date the loss was or should have been discovered. See OCGA § 50-21-26 (a) (1) & (2). A copy of the notice must also "be delivered personally to or mailed by first-class mail to the state government entity, the act or omissions of which

---

[2] The trial court also dismissed Moreno's claims against Browning after finding him immune from suit. Moreno has not enumerated that ruling as error on appeal.

3

are asserted as the basis of the claim." OCGA § 50-21-26 (a) (2). Within the notice, the claimant must state, to the extent of the claimant's knowledge and belief:

(A) The name of the state government entity, the acts or omissions of which are asserted as the basis of the claim;

(B) The time of the transaction or occurrence out of which the loss arose;

(C) The place of the transaction or occurrence;

(D) The nature of the loss suffered;

(E) The amount of the loss claimed; and

(F) The acts or omissions which caused the loss.

OCGA § 50-21-26 (a) (5).

A claimant must strictly comply with the statutory notice requirements in OCGA § 50-21-26; substantial compliance is insufficient. See *Brown*, supra. If the claimant fails to comply, "the State does not waive sovereign immunity, and the trial court lacks subject-matter jurisdiction over the case." Id. (citation and punctuation omitted). The trial court dismissed Moreno's claim against DOT, concluding that her

4

failure to meet the strict ante litem notice requirements deprived it of jurisdiction. We agree.

1. Moreno's first ante litem notice was sent to both DOAS and DOT on August 18, 2018, approximately two weeks after the August 2, 2018 collision and well within the 12-month notice period set forth in OCGA § 50-21-26 (a) (1). Timeliness is not at issue with respect to this notice. Instead, DOT argued, and the trial court found, that the notice failed to comply with OCGA § 50-21-26 (a) (5) because it does not state where the collision occurred.

By its clear terms, OCGA § 50-21-26 (a) (5) (C) requires that an ante litem notice identify — to the best of the claimant's ability — where the transaction or occurrence giving rise to the claim occurred. Moreno's first notice lacks such information. The notice states that Moreno "was seriously injured when her vehicle was negligently struck by a [DOT] Vehicle as it improperly backed into [her] car." But it does not describe or provide any information regarding the location of the collision.

Moreno does not claim that she was unaware of or mistaken about where the collision occurred, circumstances that might excuse her failure to meet the location requirement. See *Brown*, supra at 482; OCGA § 50-21-26 (a) (5) (claimant must

5

provide notice of the required information "to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances"). Rather, she argues that the State did not need to know the collision's location to determine the value of her claim or to facilitate settlement discussions. In her view, "the lack of a location of occurrence in a motor vehicle accident does not subvert the function of the ante litem notice statute" and is not a basis for finding the notice insufficient.

It is true that "the rule of strict compliance does not demand a hyper-technical construction [of the statute] that would not measurably advance the purpose of the GTCA's notice provisions as reflected by the plain meaning of the relevant statutory text." *Brown*, supra at 480 (citation and punctuation omitted). But concluding that a claimant must, to the best of her ability, identify the location of the transaction or occurrence giving rise to the claim does not require a hyper-technical construction of OCGA § 50-21-26. The statute clearly required Moreno to include this information in her ante litem notice. See OCGA § 50-21-26 (a) (5) (C). And as we have explained, "the complete omission of one of the six categories of information required by the ante litem notice statute, render[s] such notice[] insufficient." *Brown*, supra at 481 (citation and punctuation omitted).

Moreno further asserts that because DOT was aware of the collision's location, any requirement that she include such information in her notice would be "illogical and extremely inefficient." DOT's actual knowledge of the location, however, did not alter Moreno's responsibilities under OCGA § 50-21-26. Our case law makes clear that "[e]ven when the state agency has actual notice, a claimant is not excused from strictly complying with the notice requirements." *Brown*, supra at 481 (citation and punctuation omitted).

We recently warned that "the explicit ante litem notice provision is ignored only at peril to a plaintiff's cause of action and serves as a condition precedent for bringing suit under the GTCA." *Brown*, supra. Although the State may not have been prejudiced by the lack of information regarding the collision's location, "the legislature plainly listed the required elements of an ante litem notice, and this Court is not authorized to ignore an element that is wholly absent from an ante litem notice." Id. at 482. The first notice, therefore, was insufficient.

2. Moreno argues that even if the first notice was defective, the second notice, dated May 17, 2019, contained detailed information about her claim and met all of the ante litem notice requirements. The trial court rejected this argument, finding that

7

Moreno failed to serve a copy of the second notice on DOT within 12 months of the date of loss. The record supports the trial court's conclusion.

Without dispute, Moreno sent the second notice to DOAS in May 2019, less than 12 months after the August 2, 2018 collision. But she was also required to send a copy of the notice to DOT within 12 months of the collision. See OCGA § 50-21-26 (a) (1) & (a) (2); *Cummings v. Ga. Dept. of Juvenile Justice*, 282 Ga. 822, 825 (653 SE2d 729) (2007) ("[T]he ante litem notice provisions require the claimant to identify in her notice, based on the information available to her at the time, the agency she believes to be responsible for her losses, and to provide a copy of the notice to that agency within the 12-month statutory period."); *Callaham v. Ga. Ports Auth.*, 337 Ga. App. 120, 122 (786 SE2d 505) (2016) (claimant failed to comply with ante litem notice requirements because he did not send a copy of the notice to the allegedly liable State agency "within 12 months as the plain language of the statute requires"). And she admittedly did not provide the notice to DOT until August 22, 2020, well outside of the 12-month time period.

On appeal, Moreno again argues that DOT had actual notice of the claim within the 12-month period and was not prejudiced by her delay in sending the second notice. As discussed above, however, DOT's actual notice cannot excuse

8

Moreno's failure to strictly comply with OCGA § 50-21-26. See *Brown*, supra; *Callaham*, supra at 123. The record shows that Moreno knew shortly after the collision (and well within the statutory 12-month notice period) that DOT was the State agency allegedly responsible for her loss. The second ante litem notice served on DOT over two years later was untimely. See OCGA § 50-21-26 (a) (1). Compare *Cummings*, supra at 825-827 (dismissal not required where claimant failed to provide responsible agency with notice within 12-month time period, but sent timely notice to agency that she *believed* to be responsible and did not discover which agency was actually responsible until after the period expired).

3. Complaining that the State never informed her that the first and second ante litem notices were insufficient, Moreno urges us to disregard her failure to comply with OCGA § 50-21-26. This we cannot do. Nothing in OCGA § 50-21-26 obligates the State to inform a claimant that a notice of claim is insufficient. Moreno was required — but failed — to strictly comply with the statutory notice requirements. Because her failure deprived the trial court of jurisdiction over her claim against DOT, the trial court properly dismissed the claim. See *Callaham*, supra.

*Judgment affirmed. Dillard, P. J., and Colvin, J., concur*.

9